# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DAVID WEST DIXON** ) | CASE NO. 7:19CV00867 |
| ) | |
| **Petitioner,** ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **J.C. STREEVAL, WARDEN,** ) | By:  Hon. Glen E. Conrad |
| ) | Senior United States District Judge |
| **Respondent.** ) | |

David West Dixon, a federal inmate proceeding pro se, filed this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Dixon asserts that he is being held unconstitutionally and challenges his career offender status under United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318 (2019) (allowing § 2241 challenge to federal sentence as imposed).  Upon review of the record, the court concludes that it lacks jurisdiction over the petition.

I.

Dixon is currently confined at the United States Penitentiary Lee County, located in this judicial district.  Pursuant to a judgment entered in Case No. 10-cr-05 in the United States District Court for the District of Minnesota, Dixon stands convicted of one count of aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(a).  Based on Dixon's prior convictions, the Court determined that he qualified for an enhanced sentence under the career offender provision of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), § 4B1.1.  On November 22, 2010, the Court sentenced Dixon to a term of 220 months of imprisonment.  Dixon's appeal was denied.  See United States v. Dixon, 650 F.3d 1080 (8th Cir. 2011).  He did not seek further review.  Dixon then filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255, which the district court denied.  United States v. Dixon, Civil No. 12-1914, 2013 WL

1408577 (D. Minn. Apr. 8, 2013). Dixon subsequently filed an application to file a second or successive motion to vacate, based on the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015). The court of appeals denied the application. Dixon v. United States, Case No. 15-3972 (8th Cir. 2016).

Dixon filed the current petition on December 23, 2019. Respondent has moved to dismiss the petition on the grounds that the court lacks jurisdiction over the petition and that the petition fails to state a claim upon which relief can be granted. Dixon has filed a reply in opposition. Thus, the matter has been fully briefed and is ripe for disposition.

II.

A federal prisoner bringing a claim for relief from an allegedly illegal conviction or sentence must normally do so in a § 2255 motion in the sentencing court. Section 2255(e) provides that a § 2241 habeas petition raising such a claim "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy inadequate or ineffective. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); see also Cradle v. United States, 290 F.3d 536, 538–39 (3d Cir. 2002) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.").[1]

---

[1] The court has omitted internal quotation marks, alterations, and/or citations here and throughout this opinion, unless otherwise noted.

Several circuit courts of appeals, including the Fourth Circuit, have held that the last phrase in § 2255(e), known as the "savings clause," is jurisdictional. Wheeler, 886 F.3d at 424–25 (citing Williams v. Warden, 713 F.3d 1332 (11th Cir. 2013)). In other words, the savings clause "commands the district court not to entertain a § 2241 petition that raises a claim ordinarily cognizable in the petitioner's first § 2255 motion except in exceptional circumstances." Id. at 425. In Wheeler, the Fourth Circuit established a savings clause test for allegedly erroneous sentences. Id. at 429–30. The Court held that § 2255 is inadequate and ineffective to test the legality of a sentence when the following requirements are met:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429; see also Jones, 226 F.3d at 333–34 (setting forth similar factors for challenges to convictions). Thus, unless Dixon demonstrates that he can satisfy the Wheeler test, the savings clause does not apply, and this court has no "power to act" on his § 2241 claim. Wheeler, 886 F.3d at 425; see also Rice v. Rivera, 617 F.3d 802, 810 (4th Cir. 2010) ("Jurisdictional restrictions provide absolute limits on a court's power to hear and dispose of a case, and such limits can never be waived or forfeited.").

In his petition, Dixon contests the enhancement of his sentence as a career offender.[2] Specifically, he argues that under the First Step Act, his aiding and abetting robbery offense is no longer a crime of violence and, therefore, the court cannot consider him a career offender under

---

[2] In essence, Dixon alleges that his sentence was unlawfully enhanced under the career offender guideline. However, he has not attempted to show any grounds to raise such a claim in a § 2241 petition, rather than at sentencing or on direct appeal.

3

the "force" or "element" clause of the Guidelines' definition of crime of violence, § 4B1.2(a)(1). Next, he claims that his sentence as a career offender is fundamentally defective and that he was sentenced improperly under § 4B1.2(a)(1).

> Pursuant to § 4B1.1(a):
>
> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (2009). At the time of Dixon's sentencing, § 4B1.2(a) provided:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Id. § 4B1.2(a).[3] The "otherwise" clause of subsection (2) is known as the "residual clause." See United States v. Beckles, __ U.S. __, 137 S. Ct. 886, 891 (2017).

As noted above, the court may not entertain Dixon's § 2241 petition unless he can satisfy the conditions set forth in Wheeler. See Asar v. Travis, No. 6:20-cv-00394, 2020 WL 1099391,

---

[3] Section 4B1.2(a) now reads:

The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a) (2018).

at *5 (D.S.C. Feb. 10, 2020) ("To trigger the savings clause of § 2255(e) and proceed under § 2241, the petitioner must meet the savings clause test as contemplated in United States v. Wheeler (challenges to sentences) or In re Jones (challenges to convictions)."), report and recommendation adopted, 2020 WL 3843638 (D.S.C. July 8, 2020). "If any one of the requirements is not met, the court is deprived of jurisdiction and may not entertain the petition to begin with." Ledezma-Rodriguez v. Brecken, No. 7:18-cv-00268, 2019 WL 4644556, at *2 (W.D. Va. Sept. 24, 2019) (quoting Wheeler, 886 F.3d at 425). Dixon cannot meet Wheeler's requirements to proceed with his § 2241 petition under the "savings clause," 28 U.S.C. § 2255(e).

Dixon attempts to bring the petition within Wheeler's ambit by way of the First Step Act of 2018, which Dixon states "will eventually be retroactive." (ECF No. 1 at 16.) Among other changes, the First Step Act "increases the amount of Good Time prisoners can earn from 47 days per year, to 54." (Id.) Dixon states that prisoners convicted of violating 18 U.S.C. §§ 2 and 2113(a) "are not listed as inelig[i]ble prisoner[s] to earn Time Credits" due to having committed crimes of violence. (Id.) Thus, Dixon claims, "under the First Step Act . . . Dixon's offense is no longer a crime of violence, therefore the court cannot consider him a career offender under the Force or the Element clause's [sic]." (Id. at 17.)

Dixon's argument reads too much into the First Step Act. The fact that the Act excludes offenders who commit certain crimes from qualifying to earn additional good time credits does not change the definition of "crime of violence" in another statute or in the Guidelines. Dixon simply cannot redefine the meaning of "crime of violence" in this manner so as to demonstrate a defect in his sentence under the career offender Guidelines. Therefore, Dixon has not demonstrated a change in substantive law, made retroactive to cases on collateral review, as required to satisfy Wheeler's second condition. See Wheeler, 886 F.3d at 429.

Dixon's other grounds, which the court addresses together, also fail to meet <u>Wheeler</u>'s conditions. Dixon argues that his sentence is "fundamentally defective as a career offender." (ECF No. 1 at 20.) He also contends that he did not qualify for sentencing as a career offender under the force or element clause of U.S.S.G. § 4B1.2(a)(1). (<u>Id.</u> at 22.) In these claims, Dixon appears to argue that his sentence must be vacated because a portion of § 4B1.2(a)'s definition of crime of violence, the "residual clause," was thereafter found to be unconstitutionally vague. <u>See, e.g.</u>, <u>Johnson</u>, 576 U.S. at 606 (holding that the nearly identical residual clause of the definition of violent felony in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague).

Although Dixon refers to § 4B1.2(a) as the "career offender statu[t]e," (ECF No. 1 at 22), § 4B1.2(a) of the Guidelines is simply that, a guideline. In <u>Beckles</u>, the Supreme Court held that the advisory Guidelines—including § 4B1.2(a)—were not subject to a vagueness challenge under the Due Process Clause. 137 S. Ct. at 890–91.[4] In 2016, the Sentencing Commission removed the residual clause from § 4B1.2(a)(2). <u>See</u> U.S.S.G. Supp. to App. C, Amend. 798 (eff. Aug. 1, 2016). That amendment, however, is not retroactive. <u>See</u> <u>U.S.S.G.</u> § 1B1.10(d) (listing retroactive amendments). Thus, Dixon cites no change in substantive law, made retroactive to cases on collateral review, in support of his claims. <u>See</u> <u>Robinson v. Warden of Lee County U.S.P.</u>, No. 7:19CV00205, 2019 WL 2067220, at *2 (W.D. Va. May 10, 2019) ("[Petitioner] fails to show that his sentence now constitutes an error sufficiently grave to be deemed a fundamental defect in light of particular, post-§ 2255 changes in substantive law that have been found to apply retroactively in a collateral proceeding.") (citing <u>Wheeler</u>, 886 F.3d at 429). As a result, Dixon is unable to satisfy the second prong of the <u>Wheeler</u> test.

---

[4] In <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Supreme Court held that the Guidelines, which were initially binding on district courts, were effectively advisory. <u>Beckles</u>, 137 S. Ct. at 894 (quoting <u>Booker</u>, 543 U.S. at 233, 245). Dixon was sentenced in 2010, (ECF No. 1 at 1), post-<u>Booker</u>.

Additionally, because Dixon was sentenced under the advisory Guidelines, any challenge to the application of the career offender provisions is "undoubtedly bar[red]" by the Fourth Circuit's decision in United States v. Foote, 784 F.3d 931 (4th Cir. 2015). Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Foote, the Fourth Circuit "distinguished a misapplied career offender enhancement from fundamental defects such as 'sentences issued in excess of the maximum authorized by law.'" Lester, 909 F.3d at 715 (quoting Foote, 784 F.3d at 942). The Court concluded that the petitioner's claim that he was erroneously sentenced as a career offender under the advisory Guidelines was not cognizable on collateral review, since the alleged error "was not a fundamental defect that inherently results in a complete miscarriage of justice." Foote, 784 F.3d at 940. Thus, to the extent Dixon challenges his designation as a career offender, he "does not satisfy prong four" of the Wheeler test. Braswell v. Smith, 952 F.3d 441, 450 (4th Cir. 2020).

Finally, the court notes that Dixon claims that § 2255 is "inadequate or ineffective," 28 U.S.C. § 2255(e), because he is unable to meet the standards articulated in § 2255(f) given the lapse of time between his sentencing and the filing of the current petition. (ECF No. 1 at 5.)[5]

---

[5] Section 2255(f) states:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

However, Dixon's personal inability to satisfy § 2255(f) does not render the remedy afforded by § 2255 inadequate or ineffective. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538; see also In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion."); Robinson, 2019 WL 2067220, at *2 ("[Petitioner's] arguments in the § 2241 petition fall squarely in the category of claims that he could have raised in his § 2255 motion. The fact that such claims would now be barred as successive or untimely filed if raised in a second § 2255 motion does not authorize [petitioner] to raise them instead in a § 2241 petition through the narrow window of § 2255(e)." (citing Vial, 115 F.3d at 1194 n.5)).

Accordingly, because Dixon cannot satisfy all of the requirements necessary to challenge his sentence by way of the savings clause of § 2255, the court lacks jurisdiction to consider his sentencing claims under § 2241. See Cook v. Warden, No. 7:18CV00311, 2019 WL 6221300, at *3 (W.D. Va. Nov. 21, 2019) (noting that all four Wheeler requirements must be satisfied, and petitioner could not satisfy one of the four); see also Swindle v. Hudgins, No. 5:19-CV-300, 2020 WL 469660, at *3 (N.D. W. Va. Jan. 29, 2020) ("Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction.").

For the reasons stated, this court is constrained to conclude that Dixon cannot proceed with his claims under § 2241 because the court lacks jurisdiction over the petition.[8] Therefore, the court grants respondent's motion and dismisses the petition without prejudice.[9] An appropriate order will enter herewith. The clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record.

**ENTER**: This __6th__ day of October, 2020.

_____
Senior United States District Judge

---

[8] Based on its determination that it lacks subject matter jurisdiction over the petition, the court need not treat the motion as one for summary judgment. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[9] The court declines to construe the petition as a motion to vacate under § 2255 because Dixon requires leave from the Eighth Circuit to bring such motion. See 28 U.S.C. § 2255(h).